IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN HAYWARD, et al. | : | CIVIL ACTION |
| | : | NO. 10-5383 |
| v. | : | |
| | : | |
| DELAWARE VALLEY HIGH SCHOOOL | : | |

O'NEILL, J.                                                                 MAY 13, 2011

## MEMORANDUM

On October 12, 2010, plaintiffs Kevin Hayward, Antonio DeSeignoria, Errol C. Manley, Joseph M. Elenback, Jr., Nathan G. Butcher and Veronica Wilson-Thompson initiated this action against their employer defendant Delaware Valley High School, alleging that it violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101, by failing to compensate plaintiffs appropriately for their overtime hours. On January 20, 2011, defendant served upon plaintiffs an offer of judgment under Federal Rule of Civil Procedure 68, which represented one hundred percent of the overtime compensation due to plaintiffs. Plaintiffs' counsel now seeks an award of $11,649.10 in attorney's fees and costs.

Defendant objects to the motion on the grounds that the time plaintiffs' counsel's spent on this case was excessive. It asserts that if, prior to filing suit, plaintiffs had approached defendant and sought the back pay they were owed, defendant would have issued the payments and avoided litigation altogether.

## DISCUSSION

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The party seeking attorney's fees bears

the burden of producing evidence establishing that its request is reasonable. Potence v. Hazelton Area Sch. Dist., 357 F.3d 366, 374 (3d Cir. 2004). "The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009) (describing the analysis for awarding attorney's fees under 28 U.S.C. § 1988).

I. Reasonable Hourly Rate

"A reasonable rate is the prevailing market rate in the relevant community. An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." Enright v. Springfield Sch. Dist., No. 04-1653, 2008 WL 696845, at *1 (E.D. Pa. Mar. 13, 2008), citing Maldonado v. Houstoun, 256 F.3d 181, 184-85 (3d Cir. 2001). "The court 'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Maldonado, 256 F.3d at 184, quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Although defendant does not seriously question the reasonableness of the requested hourly rates, it is my obligation to review counsel's request and satisfy myself that the requested rates are reasonable.

Three attorneys represented plaintiffs in this case: Mark Gottesfeld, Peter Winebrake and R. Andrew Santillo. Winebrake, however, does not seek fees for the time he spent on this case. Santillo graduated from Temple Law School where he served as the Editor-in-Chief of the Temple Political and Civil Rights Law Review. He is presently an equity partner in the Winebrake Law Firm and has been practicing law for approximately seven years. During that

2

time, he has represented plaintiffs in approximately eighty lawsuits alleging violations of state and federal wage and overtime laws. Many of those lawsuits were filed in this Court.

He seeks compensation at an hourly rate of $275. In support of his requested rate, he has produced the declarations of four attorneys who regularly pursue FLSA claims in this Court. Each attorney asserts that Santillo's requested rate is reasonable according to the prevailing market rates in Philadelphia. Defendant has not produced any evidence calling into question the reasonableness of Santillo's requested rate. I therefore find Santillo's requested hourly rate of $275 to be reasonable.

Gottesfeld graduated <u>cum laude</u> from Drexel University Earle Mack School of Law in 2009. While a student, he served as an editor of the school's law review and as a judicial intern. Following graduation, he was employed as a law clerk at a Philadelphia law firm. In August 2010, he joined the Winebrake Law Firm as an associate and has since practiced exclusively in field of FLSA litigation. Gottesfeld requests compensation at an hourly rate of $170, which is in accord with the schedule of hourly rates published by Community Legal Services. Defendant has produced no evidence questioning the reasonableness of Gottesfeld's requested rate. I therefore find Gottesfeld requested hourly rate of $170 to be reasonable.

II.     Reasonable Number of Hours Spent In the Litigation

I must next determine whether the number of hours plaintiffs' counsel spent on this litigation was reasonable. The parties disagree as to the reasonableness of the hours plaintiffs' counsel spent on this litigation.[1]

---

[1] Defendant suggests that I reduce plaintiffs' counsel's request by sixty percent. It has not, however, provided any authority in support of such an across-the-board reduction. The Court of Appeals has held that "[a] District Court is obligated to review the time charged, decide

Defendant first argues that given the "bare-bones nature of the Complaint, the amount of time 'investigating' and preparing the Complaint is preposterous." See Def.'s Br. at 4. My review of the billing record submitted by plaintiffs' counsel reveals that plaintiffs' counsel seeks to recover for 10.2 hours of attorney's time spent on investigating the merits of the lawsuit and preparing the complaint. This is a reasonable amount of time to spend on such tasks.

Next, defendant argues that plaintiffs' counsel improperly seek compensation for hours spent on administrative tasks. See Def.'s Br. at 4. "[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable." Halderman by Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995). Plaintiffs' counsel argues that Courts have awarded attorney's fees for purely administrative tasks where the law firm at issue was so small that the attorney had no one to delegate the administrative tasks to. Pls.' Rep. at 2. Plaintiff has not, however, submitted any evidence that this is the case. I will therefore decline to award attorney's fees for the following administrative tasks. See Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003) ("Since the costs of clerical work, such as filing and copying, are ordinarily considered to be part of an attorney's rate as office overhead, they will not be compensated.").

- Row 26 on counsel's billing record indicates that Gottesfeld spent .1 hours sending the complaint along with a cover letter to his client.

- Row 30 indicates that Gottesfeld spent .1 hours reviewing the complaint "as docketed."

---

whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Evans v. Port Auth. of New York and New Jersey, 273 F.3d 346, 362 (3d Cir. 2001).

- Row 41 indicates that Gottesfeld spent .2 hours mailing memos and consent forms to "potential opt-ins."
- Row 43 indicates that Gottesfeld spent .1 hours mailing a consent form to named plaintiff, Kevin Hayward.
- Row 45 indicates that Gottesfeld spent .1 hours reviewing the signed representation agreement from Kevin Hayward and scanning it into "the system."
- Row 46 indicates that Gottesfeld spent .2 hours updating the opt-in plaintiffs' contact information into the law firm's case management software.
- Row 48 indicates that Gottesfeld spent .3 hours preparing and mailing a memo to one of the plaintiffs which included a consent form and the complaint.
- Row 49 indicates that Gottesfeld spent .3 hours filing notices of consent on behalf of two plaintiffs.
- Row 50 indicates that Gottesfeld spent .1 hours reviewing the notices of consent discussed in row 49 and saving such notices to "the system."
- Row 51 indicates that Gottesfeld spent .3 hours preparing and mailing a "waiver of service package" to defendant.
- Row 54 indicates that Gottesfeld spent .1 hours reviewing signed consent forms from "two more opt-ins."
- Row 55 indicates that Santillo spent .1 hours reviewing and calendaring a hearing.
- Row 57 indicates that Gottesfeld spent .2 hours filing a "waiver of service package" with the Court.
- Row 58 indicates that Gottesfeld spent .1 hours reviewing the "waiver of service package

as docketed."

- Row 59 indicates that Gottesfeld spent .2 hours filing notices of consent on behalf of two plaintiffs.

- Row 60 indicates that Gottefeld spent .1 hours reviewing "as docketed" the notices of consent discussed in row 59.

- Row 62 indicated that Gottesfeld spent .2 hours filing and reviewing "as docketed" the waiver of service form executed by defendant.

- Row 63 indicates that Gottesfeld spent .1 hours receiving a signed notice of consent form from one of the plaintiffs.

- Row 64 indicates that Gottesfeld spent .2 hours receiving and reviewing "as docketed" named plaintiff's notice of consent form.

- Row 69 indicates that Gottesfeld spent .2 hours creating an "opt-in packet" for one of the plaintiffs.

- Row 73 indicates that Gottesfeld spent .3 hours receiving, filing and reviewing "as docketed" a notice of consent form from one of the plaintiffs. He also "updated case management software."

- Row 79 indicate that Gottesfeld spent .2 hours receiving a notice from chambers that a pretrial conference had been continued and forwarding such notice to defendant.

- Row 88 indicates that Gottesfeld spent .1 hours scheduling a conference call with defendant's counsel.

- Row 109 indicates that Gottesfeld spent .1 hours filing the acceptance of the offer of judgment.

- Row 110 indicates that Gottesfeld spent .1 hours reviewing the acceptance of offer judgment "as docketed."
- Row 117 indicates that Gottesfeld spent .2 hours updating referral counsel about the status of the case.

In sum, the billing records submitted by plaintiffs' counsel include 4.2 hours of administrative work by Gottesfeld (out of a total of 45.8 requested hours) and .1 hours of such work by Santillo (out of a total of 6.3 requested hours). I will reduce their request accordingly.

Finally, defendant asserts that many of the documents prepared by plaintiffs' counsel in this case were either "boilerplate" or identical to documents plaintiffs' counsel had submitted in other similar cases. In light of that fact, defendant argues that the time plaintiffs' counsel allegedly spent producing those documents was unreasonable. It points specifically to the motion for attorney's fees, supporting exhibits and the accompanying brief. I disagree with defendant's contention. My review of the brief filed in this case reveals some similarities with a brief that plaintiffs's counsel filed in another federal lawsuit. For example, both briefs include identical recitations of the applicable law. They are also very similar in format. However, the briefs differ significantly in their application of the law to the facts–which is, after all, the most important component of a brief. Counsels' billing record reveals that Santillo and Gottesfeld spent 20.9 hours preparing the fee petition and supporting briefs. This number is reasonable.

Plaintiffs' counsel, however, makes two additional requests with respect to the fee petition. They ask for $880.00 for the 3.2 hours of Santillo's time that it took to prepare a reply brief and $850.00 for the five hours Gottesfeld's time that it took to prepare for and travel to an April 5, 2011 oral argument. I will decline both of these requests because counsel has submitted

7

only their own unsworn assertions in support thereof–they have not submitted the detailed billing records (or equivalent evidence) necessary to support their claims and to allow the Court to carry out its duty of conducting "a thorough and searching analysis." See Interfaith Comm. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 (3d Cir. 2005). I am especially skeptical of Gottesfeld's five hour claim, as the entire oral argument lasted ten minutes.

III.     Adjustments to the Lodestar

Santillo is entitled to compensation for 6.2 hours at an hourly rate of $275. Gottesfeld is entitled to compensation for 41.6 hours at an hourly rate of $170.00. Multiplication of these numbers yield a lodestar of $8,777.00. That does not end the matter, however, because the Supreme Court has cautioned that "[t]he amount of the fee, of course, must be determined on the facts of each case." See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); see also Lohman v. Borough, No. 3:05-1423, 2008 WL 2951070, at *9-10 (M.D. Pa. Jul. 30, 2008) (applying the Hensley factors to adjust an excessive lodestar).

Defendant argues that this number is unreasonable in light of the fact that this was a simple case which settled almost immediately. As Magistrate Judge Hey has noted:

> The Supreme Court has identified several factors to be considered in calculating a reasonable attorney's fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Gonzalez v. Buselton Servs., Inc., No. 08-4703, 2010 WL 3282623, at *5 (E.D. Pa. Aug. 18,

2010), citing Riverside v. Rivera, 477 U.S. 561, 567-68 (1986). The second and third factors are relevant to this matter. The questions presented by this case were neither novel nor difficult–anyone with even a cursory understanding of the FLSA could have concluded, after reviewing plaintiffs' paystubs, that they had been undercompensated for their overtime work. Accordingly, the level of skill required to successfully represent plaintiffs in this matter was relatively low.

I find it unreasonable to award plaintiffs' counsel $8,777.00 in attorney's fees for prosecuting a "slam dunk" lawsuit which yielded only $6,680.63 in total compensation for their clients. Especially concerning to me is the fact that plaintiffs' counsel did not discuss with defendant the possibility of settlement prior to filing a complaint. It is clear that this case could easily have been resolved without resort to litigation–an outcome that undoubtedly would have benefitted everyone involved, with the exception of plaintiffs' counsel. I will therefore award attorney's fees in the amount of $6,680.63 to account for the low level of skill required by this case.

IV. Costs

Plaintiffs' counsel also request reimbursement of costs in the amount of $400.60. Costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and defendant does not object to this request. I will therefore award $400.60 to plaintiffs' counsel.

## CONCLUSION

I will award $7,081.23 to plaintiffs' counsel in total attorney's fees and costs. An appropriate Order follows.